"Just one more question, Mr. Pierce, now I'm asking you this, whether or not you know of your own knowledge— do you know of your own knowledge whether or not your brother, Ferman Pierce, is a wholesale liquor dealer in Lubbock County, Texas?"

The question was not answered. The trial court sustained appellant's objection and instructed the jury not to consider the question.

Appellant contends that this was an effort on the part of the State to attack the appellant's reputation which had not been placed in issue. The charge in this case was for selling whiskey, and it included in it an allegation of a prior conviction for possessing intoxicants for the purpose of sale. The question did not make a direct assertion of a fact. We cannot bring ourselves to conclude that the asking of the question, standing alone, constitutes reversible error.

Recently, in Smith v. State, Tex.Cr.App., 272 S.W.2d 371, where the accused admitted having been convicted in three prior cases involving intoxicating liquor, we held it was not reversible error for the prosecutor to tell the jury in his argument that the appellant had been a bootlegger all her life.

Finding no reversible error, the judgment of the trial court is affirmed.

L. T. ANDERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 27195.

Court of Criminal Appeals of Texas.

Nov. 24, 1954.

---

No attorney on appeal for appellant.

Wesley Dice, State's Atty., Austin, for the State.

PER CURIAM.

The offense is the driving, while intoxicated, of a motor vehicle upon a public highway. Punishment was assessed at a fine of $150 and confinement in jail for three years.

The record is before us without a statement of fact or bills of exception. Nothing is presented for review.

The judgment is affirmed.